UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| NIGEL MARLIN REID, II, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No.2:14-CV-312 |
| | ) | |
| QUALITY SERVICE INTEGRITY,[1] | ) | |
| ALEJANDRO MENDEZ, JOSE IDUATE, | ) | |
| JESUS VARGAS, KOCH FOODS, | ) | |
| U.S.D.A., | ) | |
|     Defendants | ) | |
| and | ) | |
| | | |
| NIGEL MARLIN REID, II, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No.2:14-CV-324 |
| | ) | |
| QUALITY SERVICE INTEGRITY, | ) | |
| ALEJANDRO MENDEZ, JOSE IDUATE, | ) | |
| JESUS VARGAS, KOCH FOODS, | ) | |
| U.S.D.A., | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

These consolidated *pro se* cases are before the Court on motions to dismiss filed by all defendants, [Docs. 9, 11, 30].[2] Plaintiff has responded to the motions of all defendants except U.S.D.A., [Doc. 17], and appears to have responded to the U.S.D.A. motion with motions of his own, [Docs. 34 (motion to serve), 35 (motion for extension of time to show proof of service), 43 (motion to extend 120 day deadline)]. Also pending are plaintiffs' motions to set trial date, [Docs. 32, 45], motion to set date for mediation, [Doc. 33], motion to admit newly discovered evidence, [Doc. 36], and motion to proceed to trial, [Doc. 44]. Plaintiff also filed an affidavit of service, [Doc. 37], but has moved to "terminate" the affidavit, [Doc. 40]. The motion to

---

[1] It appears the correct defendant is Stellar Management Group, Inc. d/b/a Quality Service Integrity.
[2] All document references are to docket numbers in case 2:14-CV-324 unless otherwise indicated.

1

terminate, i.e., withdraw, the affidavit of service, [Doc. 40], is GRANTED. For the reasons which follow, two of the motions to dismiss, [Docs. 9, 11], are GRANTED, the U.S.D.A.'s motion to dismiss, [Doc. 30], is held in abeyance for thirty (30) days, and the case will be DISMISSED in part. The remaining motions are DENIED as MOOT or premature.

**I. Procedural and Factual Background**

On October 14, 2014, plaintiff, Nigel Marlin Reid, II ("Reid" or "plaintiff") filed a *pro se* complaint[3] in the Circuit Court of Hamblen County, Tennessee. On October 17, 2014, Reid filed an identical complaint in this Court.[4] On October 31, 2014, the United States Department of Agriculture ("U.S.D.A.") removed the Hamblen County Circuit Court case to this Court pursuant to 28 U.S.C. § 1442. The Court consolidated the two cases on November 7, 2014, and designated No. 2:14-CV-324 as the lead case, [Doc. 6]. Reid alleges that he was "discim[in]ated against by defendant's [sic] Alejandro Mendez, Jose Iduate, Jesus Vargas" after he told "[his] sup[]ervis[o]r Alejandro Mendez that one of the Mexican male worker[s] did sexual[l]y harass [him]." [Doc. 1-1 at 3 in No. 2:14-CV-312]. In the prayer for relief, Reid asserts that he is prepared to "prove to the jury that [he] was discrim[in]ated also against because of [his] race black, age 28, color brown, natrol oragent (national origin?) Tennessee." *Id*. at 5 The complaint does not specifically reference any particular employment discrimination statute nor does it reference 42 U.S.C. § 1983, except for its filing on a form complaint for violation of civil rights (42 U.S.C. Section 1983).

**II. Standard of Review**

    **A.    Rule 12(b)(6)**

---

[3] Reid used a form complaint normally used in this Court for alleging violations of 42 U.S.C. § 1983.
[4] Reid filed an application to proceed *in forma pauperis* and the case was opened without prepayment of fees. Service of process, however, was not issued.

2

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. The plausibility standard is not equivalent to a "'probability requirement,'but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.(quoting *Twombly*, 550 U.S. at 556).

**B. Rule 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure requires completion of service of process within 120 days after filing of a complaint. Fed. R. Civ. P. 4(m). Dismissal of the action "shall" follow unless "plaintiff shows good cause" for failure to meet the 120-day deadline. *See Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). "Establishing good cause is the responsibility of the party opposing the motion to dismiss . . . and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger v. McDermitt Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib*, 15 F.3d at 73). "Inadvertent failure or half-

3

hearted efforts to serve . . . do [ ] not constitute good cause." *Freidman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

### III. Analysis

#### A. Employment Discrimination

Although plaintiff does not specifically identify the statutory basis for the claims he is making, the defendants, Stellar Management Group, Inc. d/b/a Quality Service Integrity ("QSI"), and Alejandro Mendez, Jose Iduate, and Jesus Vargas (the "individual defendants") "assume that plaintiff is attempting to state claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., 42 U.S.C. § 1983 and the Tennessee Human Rights Act[5] , Tenn. Code Ann. § 4-21-101, *et seq*." QSI argues that plaintiff's employment discrimination claims should be dismissed because he has failed to exhaust his administrative remedies and has thus failed to state a claim under Rule 12(b)(6) and that he has failed to allege that any of the defendants have acted under color of state law, as required by 42 U.S.C. § 1983. The individual defendants claim that plaintiff has failed to state a claim under either Title VII or the Tennessee Human Rights Act because those statutes prohibit claims against individual defendants.

#### 1. Failure to Exhaust Administrative Remedies

It is not disputed that plaintiff has not filed a claim with the Equal Employment Opportunity Commission ("EEOC"), a prerequisite to filing suit under Title VII. See 42 U.S.C. § 2000e-5(e)(f)*; Nichols v. Muskimgum College*, 318 F.3d 674, 677 (6th Cir. 2003). This condition precedent to filing suit, however, is not a jurisdictional prerequisite, *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003), and is subject to equitable tolling, waiver and estoppel. *Id* . at 820).

---

[5] The standard for employer liability is the same under both the Tennessee Human Rights Act and Title VII. *Reed v. Delta Airline*s, 19 F.3d 19 (Table), 1994 WL 56930, at * 3 (6th Cir. Feb. 24, 1994).

4

Since plaintiff has conceded that he did not file an EEOC complaint, he has not met the condition precedent to filing a suit unless he can show equitable tolling, waiver, or estoppel. In his response, [Doc. 13], Reid asserts that he has "talk[ed] with the EEOC and the Tennessee Humans Rights people" and was told that he did not have to file a claim with them. He further asserts that he was told that "as a American citizens" he had the right to file his own civil rights lawsuit and that "once it in the courts it out of their hands."

Until recently, the Sixth Circuit used a five-factor inquiry to determine whether a litigant was entitled to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001) (habeas case). Those factors included (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. The Supreme Court's decision in *Holland v. Florida*, 560 U.S. 631 (2010) replaced the five-factor inquiry with a two-part test, under which a petitioner is entitled to equitable tolling only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland*, 560 U.S. at 648). The movant has the burden to persuade the court that he or she is entitled to equitable tolling. *McSwain v. Davis*, 287 Fed. App'x 450, 455-56 (6th Cir. 2008) (collecting cases).

The equitable tolling decision is made on a case-by-case basis. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citation omitted). Equitable tolling should be "applied sparingly" by federal courts. *Dunlap*, 250 F.3d at 1008, and is typically used "only when a

5

litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).

Reid can show neither due diligence nor that any extraordinary circumstance prevented his filing with the EEOC. Indeed, it appears from his response that he likely did not contact the EEOC until after his federal suit was filed (he was told by EEOC staff that "on[]ce it [is] in the courts it is out of the[i]r [ ] hands." Reid has not asserted any facts which would suggest that anything impeded his filing, in the exercise of reasonable diligence, his claims with the EEOC. Nor does Reid's status as a *pro se* litigant have any bearing on the matter. "[A] *pro se* litigant, whether a plaintiff or defendant, is required to follow the law. In particular, a willfully underrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self representation . . . [T]he Supreme Court commented that 'we have never suggested that procedural rules in the ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Although Reid does not necessarily cite his ignorance of the law as a basis for equitable tolling, ignorance of the law is insufficient to warrant equitable tolling. *Craig v. White*, 227 Fed. App'x 480, 482 (6th Cir. 2007). Likewise, his reliance upon unreasonable and incorrect legal advice, even if provided by an attorney, would be insufficient to warrant equitable tolling. *See Jurado v. Bert*, 337 F.3d 638, 644-45 (6th Cir. 2003). There may be some circumstances under which equitable tolling would apply with respect to administrative filing requirements as a result of "justifiable reliance on the advice of another government officer." *Jarrell v. United States Postal Service*, 753 F.2d 1088, 1092 (D.C. Cir. 1985) (citing, among others, *Cooper v. Bell*, 628 F.2d 1208, 1214 (9th Cir. 1980)). Here, Reid does not allege, however, that he relied upon the

6

advice of an employee of the EEOC in not filing his administrative claim. Rather, it appears that Reid has contacted some unspecified person with the EEOC and Tennessee Human Rights Commission <u>after</u> the filing of his lawsuit. Reid has simply not met his burden of showing that he made a diligent pursuit of his rights and that some extraordinary circumstance beyond his control stood in his way and prevented him from filing his claim. QSI's motion on this ground is GRANTED.

### 2. Claims Against the Individual Defendants

The individual defendants assert that both Title VII and the Tennessee Human Rights Act prohibit claims against individual defendants. Reid does not respond to this particular argument. In any event, the individual employees are correct. "An employee/supervisor who does not otherwise qualify as an 'employer' cannot be held individually liable under Title VII and similar statutory schemes." *Wathen v. General Electric Company*, 115 F.3d 400 (6th Cir. 1997) (collecting and citing cases). The *Wathen* court determined that "Title VII's remedial provisions are incompatible with the imposition of liability on individual employees." *Id*. at 405. As a result, Reid's claims against the individual defendants, Alejandro Mendez, Jose Iduate, and Jesus Vargas, must be DISMISSED.

### 3. Was Koch Foods Reid's Employer?

Koch Foods seeks dismissal of Reid's claims against it on the basis that Koch Foods was not Reid's "employer." Title VII of the Civil Rights Act of 1964 prohibits an "employer" from engaging in certain unlawful employment practices. *See* 42 U.S.C. § 2000e-2(a). Reid does not claim that Koch Foods employed him at the time of the alleged discrimination. Rather, he acknowledges that he was employed by QSI and he acknowledges that QSI is a subcontractor for Koch Foods.

7

Reid has submitted ten pages of documents along with his complaint. Those documents on their face establish that Reid was employed by QSI. Since Koch Foods did not employ Reid, the only potential way that Koch Foods can be liable under Title VII is pursuant to a joint-employer theory. *See Sanford v. Main Street Baptist Church Manor, Inc.*, 449 Fed. App'x 488, 491 (6th Cir. 2011) (assuming *in dicta* that the Sixth Circuit recognizes a joint-employer theory). *See also EEOC v. Skanska USA Bldg., Inc.*, 550 Fed. App'x 253 (6th Cir. 2013) (applying the doctrine of joint-employer liability). Entities are joint-employers if they "share or co-determine those matters governing essential terms and conditions of employment." *Id*. at 256 (citing *Carrier Corp. v. NLRB*, 768 F.2d 778, 781 (6th Cir. 1985)).

Multiple factors determine whether a contractor is a joint-employer with a subcontractor, including the entities' ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their performance. *Id*. Reid makes no allegations that Koch Foods supervised his day-to-day activities nor does he make any allegation that Koch Foods had any ability to hire, fire or discipline QSI's employees, affect their compensation and benefits, or direct and supervise their performance. In fact, the documents attached to Reid's complaint clearly establish that he was both hired and fired by QSI, not Koch Foods, that his pre-suit grievance about the alleged illegal discrimination was directed to QSI, and that he was paid by QSI.

Reid has not plausibility pled that Koch Foods was his employer, nor has he plausibly pled any facts which would establish that Koch Foods and QSI were joint-employers. Koch Foods' motion to dismiss for failure to state a claim against it is GRANTED.

4. **Rule 4(m)**

The United States of America, on behalf of the Secretary of the United States Department of Agriculture ("U.S.D.A."), moves to dismiss for lack of timely service within the 120-day period required by Federal Rule of Civil Procedure 4(m). After the service of plaintiff's state court complaint, a copy of that complaint was apparently delivered to the U.S.D.A. office in Morristown, Tennessee. It is undisputed that the defendant has not complied with Federal Rule of Civil Procedure 4(i)(B) which requires, when serving the United States and its agencies, corporations, officers, or employees, that plaintiff deliver a copy of the summons and complaint to the United States attorney in the district where the action is brought, send a copy by registered or certified mail to the Attorney General of the United States, and send a copy by registered or certified mail to the agency or officer sued. In short, the plaintiff must properly serve the U.S.D.A. and both the United States Attorney for the Eastern District of Tennessee and the Attorney General of the United States within 120 days of the filing of the complaint. *See Miller v. Reno,* 2000 WL 302786, at ** 1-2 (6th Cir. March 17, 2000).

Reid has made a number of filings in an attempt to either show that he has properly served U.S.D.A. or that the time for service should be extended. First, on March 5, 2015, Reid filed a motion styled "Motion To Serve U.S.M. 285 Form," [Doc. 34]. In his motion, Reid asks the Court to order the United States Marshal to serve the "summons to each defendants before the 120 days deadline." On the same day, plaintiff filed a "Motion Showing Good Cause," [Doc. 35], "showing good cause due to a lack of timely [service] since the 120 days perio[]d set in Fed. R. Civ. Rule 4(m) has expired." In this document, plaintiff explains that, since the filing of his complaint, he has "been in a very emotional way," "on extremely heavy medication suffering from depression," suffers from "bad nerves extremely," he is "seeing doctors," has "had struggles dealing with the past s[i]nce childhood," and has been "dealing with anger" since the filing of the

9

complaint. He further asserts that his failure to meet the 120-day deadline set in Rule 4(m) was unintentional and asks the Court to "give [him] more time to show proof of service." Then, on March 13, 2015, plaintiff filed 50 pages of documents with a pleading entitled "Proof Of Service." [Doc. 37]. Attached to this filing are 42 pages of copies of United States Postal Service Certified Mail Receipts, all of which are addressed either to the district court clerk or to attorneys who have made appearances in this case.

On March 25, 2015, plaintiff filed two rather nonsensical "Notices." First, on AO Form 399, "Waiver Of The Service Of Summons," Reid has filed a waiver pursuant to Rule 4(d) but rather than submitting any waiver signed by any defendant, has signed the form himself. [Doc. 41]. The second document, filed on March 25, 2015, is styled "Motion To Extend The 120 Day Deadline," and has nothing to do with service of process [Doc. 43]. In that motion, Reid asserts that "copying and sending by certified mail to all 3 defendants' lawyers" in the case "is costing [me] a lot of money that I do not have." He seems to indicate that he has sent a copy of his signed Waiver Of Service Of Summons Form to all defendants' lawyers. On April 8, 2015, plaintiff filed another document entitled "Proof Of Service" and attached to that pleading another series of certified mail receipts where he has apparently mailed copies of his various pleadings to the district court clerk and to the various lawyers representing the defendants in this case, [Doc. 49].

Reid clearly has not properly served the Department of Agriculture and this Court certainly may dismiss plaintiff's complaint for failure to serve the defendant U.S.D.A. within 120 days. *See Kimbro v. United States*, 533 Fed. App'x 634, 635 (6th Cir. 2013). The Court may also give the plaintiff additional time to effect service on the defendant, with or without a showing of good cause, and ***must*** extend the time for service upon a showing of good cause. None of the

reasons put forth by the plaintiff in this case establish good cause and the Court is not required by the Rule to extend the time for service. As a result, his motions seeking an extension of time based on a showing of good cause, [Docs. 35, 43], are DENIED. This matter has now been pending since October, 2014, nearly 180 days. Because the plaintiff is acting *pro se*, the Court will, in its discretion, allow the plaintiff to serve the summons and complaint upon defendant U.S.D.A. in accordance with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of the date of this order and the motion to dismiss filed by the U.S.D.A. will be held in abeyance for that period of time. ***Plaintiff's failure to effect proper service within that time period will result in the dismissal of his complaint against U.S.D.A. The time for service will not be further extended***.

In conclusion QSI's motion to dismiss is GRANTED and plaintiff's complaint against QSI is DISMISSED WITHOUT PREJUDICE, [Doc. 9]. The motion to dismiss filed by the individual defendants, Alejandro Mendez, Jose Iduate, and Jesus Vargas is GRANTED and plaintiff's complaint against these individual defendants is DISMISSED, on the merits Tthe motion of Koch Foods to dismiss is GRANTED and the complaint against Koch Foods is DISMISSED on the merits. Plaintiff's time to complete service of the summons and complaint upon the defendant, U.S.D.A., is extended for a period of thirty (30) days from the date of this order; however, the deadline will not be further extended and U.S.D.A.'s motion to dismiss will be GRANTED if plaintiff does not effect proper service within thirty (30) days as required by this order.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE