UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| NIGEL MARLIN REID, II, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:14-CV-324 |
| QUALITY SERVICE INTEGRITY, | ) | |
| | ) | |
| ET AL., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant United States Department of Agriculture ("USDA") has filed a motion to dismiss the *pro se* complaint in its entirety, [Doc. 66], as it fails to state a claim upon which the Court can grant relief. The plaintiff has not responded directly to this motion. However, merely days after the United States filed its motion to dismiss, the *pro se* plaintiff filed a "Motion for Summary Judgment," [Doc. 68], essentially restating his claims of discrimination and arguing why the USDA should be a defendant in this lawsuit. The Court will treat the plaintiff's Motion for Summary Judgment as a response to USDA's Motion to Dismiss. USDA then replied, [Doc. 69]. The plaintiff filed a document titled "Motion to Proceed Trial/Motion Clarity[1]," [Doc. 70], stating the filing was a reply to USDA's Motion to Dismiss. The court will treat this filing as a surreply and not as an active motion. However, in what the Court assumes is an abundance of caution, USDA responded to the plaintiff's "motion," [Doc. 71]. The plaintiff replied, [Doc. 76].

---

[1] In this filing, the plaintiff seems to argue that the Court should have granted his motion to proceed *in forma pauperis* and has failed to do so. The Court would point out to the plaintiff that his *forma pauperis* status in both this case and a similar case docketed 2:14-CV-32 was granted on September 30, 2015 in Document number 64. This allowed the plaintiff to proceed in the action without paying fees and required the United States Marshals Service to effectuate service on the defendant USDA.

Additionally, the plaintiff filed another "Motion to Present Evidence," [Doc. 72] which Magistrate Judge Clifton Corker directed the clerks to terminate as an active "motion" as it asks for no relief and merely sets out the plaintiff's claims. The plaintiff's *pro se* "motions" are in fact better termed as responses and replies to USDA's motion to dismiss. The plaintiff merely responds to USDA's filings by restating the facts of the case, the claims of the case, and asks the Court to dismiss USDA's motion to dismiss. Therefore, the Court will address all of these "motions" below when addressing the merits of USDA's motion to dismiss.

The facts and background of this lawsuit were discussed extensively in a prior order of this Court, [Doc. 51], and will not be repeated in full here. In short, the plaintiff alleges what the Court has previously construed as employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*. and the Tennessee Human Rights Act.[2] Here, the plaintiff alleges that his co-workers sexually harassed and discriminated against him while he was an employee of Quality Service Integrity ("QSI"). At the time of his employment with QSI, QSI was a subcontractor of Koch Foods, which runs a poultry plant. The USDA had an office at the Koch Foods plant where a USDA employee was stationed. The USDA was present at the plant in order to conduct sanitary inspections and ensure safety requirements were met during processing at the plant.

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471,

---

[2] As previously noted by this Court in Doc. 51, the standards for employer liability under the Tennessee Human Rights Act and Title VII are the same. *Reed v. Delta Airlines*, 19 F. 3d 19 (Table), 1994 WL 56930, at *3 (6th Cir. Feb. 24, 1994).

476 (6th Cir. 2007)). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. The plausibility standard is not equivalent to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.(quoting *Twombly*, 550 U.S. at 556).

The USDA seeks dismissal of Reid's claims against it on the basis that the USDA was not the plaintiff's "employer." Title VII of the Civil Rights Act of 1964 prohibits an "employer" from engaging in certain unlawful employment practices. See 42 U.S.C. § 2000e- 2(a). Reid does not claim that the USDA was his employer during the time of the alleged discrimination. Instead, the plaintiff acknowledges that he was employed by QSI and that QSI is a subcontractor for Koch Foods. In his Motion for Summary Judgment, the plaintiff argues that the USDA is the "head employer" of Koch Foods and QSI as a subcontractor. The plaintiff claims that the USDA had the "authority to fairer [*sic*] at will needed to if a health hazard for the plant for fine the plant $300 per health violation." Additionally, the plaintiff relies on the fact that the USDA inspectors "police the QSI employment practices as a[n] overall view of the whole plant." The plaintiff further alleges in his "motion for summary judgment" that he complained of the alleged discrimination to someone at the USDA in the plant but was told that because he was not employed by the USDA, that they could not help him with the alleged discrimination.

As discussed in the Court's previous order, [Doc. 51], Reid has submitted many pages of documents along with his complaint which facially establish that Reid was employed by QSI. The plaintiff has never alleged that he was employed by USDA. To bring a claim or sexual discrimination under Title VII, the plaintiff must have actually been employed by the defendant. Because USDA was not the plaintiff's "employer," USDA is not liable to Reid for any alleged sexual discrimination that may have occurred.

Since UDSA did not employ Reid, the only potential way that the USDA can be liable under Title VII is pursuant to a joint-employer theory. See *Sanford v. Main Street Baptist Church Manor, Inc.,* 449 Fed. App'x 488, 491 (6th Cir. 2011) (assuming in dicta that the Sixth Circuit recognizes a joint-employer theory). See also *EEOC v. Skanska USA Bldg., Inc*., 550 Fed. App'x 253 (6th Cir. 2013) (applying the doctrine of joint-employer liability). Entities are joint-employers if they "share or codetermine those matters governing essential terms and conditions of employment." Id. at 256 (citing *Carrier Corp. v. NLRB*, 768 F.2d 778, 781 (6th Cir. 1985)). Multiple factors determine whether a contractor is a joint-employer with a subcontractor, including the entities' ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their performance. *Id.*

Reid's only claims of the USDA governing the essential terms and conditions of his employment with QSI would be the fact that the USDA has the ability to fine the plant for health code violations and a conclusory allegation that the USDA "polices QSI employment practices." USDA has submitted multiple declarations from USDA employees stating that Reid was never employed by the USDA, that USDA has an office in the Koch Foods plant only to provide inspections of sanitary conditions at the plant, and the USDA has no control over Reid's employment conditions or pay.

The plaintiff has stated many times that USDA is a proper defendant because they were present at the plant and has filed pages of website printouts detailing the United States Department of State sexual harassment policy, USDA supervisor responsibilities, and USDA departmental regulations. However, none of these documents are applicable to the alleged sexual discrimination because USDA was not the plaintiff's employer. The plaintiff's claim for sexual discrimination against USDA under Title VII or under their own anti-discrimination policies cannot stand where the alleged victim was not their employee.

Even construing the facts in the light most favorable to Reid, the Court finds that the plaintiff has not plausibly pled that USDA was his employer, nor has he plausibly pled any facts to establish that USDA and QSI were joint-employers. Therefore, USDA's motion to dismiss for failure to state a claim is GRANTED and the complaint against USDA is DISMISSED on the merits.

ENTER:

                                                      s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE