**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 16-5107

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>NIGEL MARLIN REID, II,</td><td>)</td><td rowspan="13"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>QUALITY SERVICE INTEGRITY, et al.,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Defendants-Appellees.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED
Aug 19, 2016
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
TENNESSEE

O R D E R

Before:  BOGGS, SILER, and McKEAGUE, Circuit Judges.

Nigel Marlin Reid, II, a pro se Tennessee resident, appeals from the district court's orders granting the defendants' motions to dismiss Reid's employment discrimination suit.  He also moves for appointment of counsel.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Reid's hand-written complaint is difficult to parse.  It was submitted on a form designed for 42 U.S.C. § 1983 complaints, but he made no allegations under that statute.  Instead, he advanced employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.  Reid worked as a sanitation worker at a poultry processing plant in Morristown, Tennessee.  The plant was owned by Koch Foods, LLC, but Koch Foods subcontracted with Quality Service Integrity ("QSI") to clean the machines.  Representatives of the United States Department of Agriculture ("USDA") were apparently stationed in the plant for regulatory purposes.  According to Reid, several of his coworkers sexually harassed him.  When

he reported the harassment to his supervisors, they began to discriminate against Reid, purportedly on the basis of his race, age, color, and national origin.  He filed suit in Tennessee state court against QSI, USDA, and Koch Foods, as well as QSI employees Alejandro Mendez, Jesus Vargas, and Jose Induate.  Reid sought thirty million dollars for mental anguish, termination, pain and suffering, and loss of income, and another twenty million in punitive damages.

The defendants all moved to dismiss the suit.  Mendez, Vargas, and Induate argued that they were not employers and therefore were not suable under Title VII.  Koch and USDA argued that they did not employ Reid and therefore were not liable for the alleged discrimination.  And QSI argued that Reid failed to meet the procedural requirements to file a Title VII action by not first obtaining a right-to-sue letter from the EEOC.  The district court agreed with all of them and dismissed the suit.  Reid now appeals and moves for appointment of counsel.

Although pro se filings should be liberally construed, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), pro se litigants must attempt to develop arguments regarding the issues raised in their appellate briefs in order to preserve those issues for appeal, *see Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 156-57 (6th Cir. 2003) (concluding that the pro se appellants had abandoned their appeal because they had not "adequately briefed any appellate issue").  "It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'"  *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)).  Because Reid's appellate brief does not adequately address and argue any issue that he purports to raise in this appeal, he has waived appellate review of the district court's judgment.  *See id.*

Accordingly, we **AFFIRM** the district court's orders granting the defendants' motions to dismiss and **DENY** Reid's motion for appointment of counsel.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk